**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CANDIDO CASTILLO DE LEON,** | § | |
| **#33303-279,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:11-CV-0842-O (BK)** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. For the reasons set out below, it is recommended that the petition for writ of habeas be dismissed without prejudice for want of prosecution.

## I. BACKGROUND

Petitioner, a federal prisoner, filed this *pro se* petition for a writ of habeas corpus requesting pre-sentence time credit under 28 U.S.C. § 2241. The Court did not issue process, but granted Petitioner until June 6, 2011, to answer the questionnaire (inquiring about exhaustion of administrative remedies) and respond to the deficiency order (requiring payment of the $5.00 filing fee or a proper request to proceed *in forma pauperis*). (Doc. 3,4). As of the filing of this recommendation, Petitioner has not responded to the above orders or sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action

*sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's deficiency order and questionnaire. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court DISMISS the petition for a writ of habeas corpus without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED July 8, 2011.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The higher standard for dismissal with prejudice for want of prosecution does not appear applicable in this case. *See Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (applying higher standard set out in *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985), due to petitioner's repeated failure to file conforming petition).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE